PATRICK C. CARROLL, SBN 70400
Law Offices of Patrick C. Carroll
2001 E. Dyer Road Ste. 100
Santa Ana, CA  92705-5709
Telephone: 949-794-0768
Telefax:   949-794-9442
Email: pcarroll_law@hotmail.com
Attorneys for Plaintiff
**GILL CONSTRUCTION GROUP, INC.,
an Arizona corporation**

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. GILL CONSTRUCTION GROUP, INC., an Arizona corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>ICENOGLE CONSTRUCTION MANAGEMENT, INC., a California corporation; and TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA, an entity of unknown form,<br><br>    Defendants.<br>_____/ | CASE NO.<br><br>COMPLAINT:<br><br>1. **TO ENFORCE  BOND**<br>    **(40 U.S.C. § 3133(b))**<br><br>2. **FOR DAMAGES FOR BREACH OF CONTRACT**<br><br>**AND DEMAND FOR JURY TRIAL** |

Plaintiff alleges:

**Jurisdiction and Venue**

1.     This is an action on a bonded contract between Plaintiff UNITED STATES ex rel. Gill Construction Group, Inc., an Arizona corporation, (hereafter Plaintiff "GILL") and the prime contractor ICENOGLE CONSTRUCTION MANAGEMENT, INC., a California corporation (hereinafter Defendant "ICENOGLE") on the federally owned construction project described below.   The

1

**COMPLAINT**

same operative facts apply to both counts.

  A. This court has jurisdiction of the first count (to enforce the bond) under 40 U.S.C. § 3131 to § 3134 (the Miller Act).

  B. This court has jurisdiction of the second count (for damages for breach of contract) under 28 U.S.C. § 1367 (supplemental jurisdiction) in that the second count arises from the same underlying facts as the first count.

  C. On information and belief, this court also has jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction) in that the parties are corporations organized and domiciled in different states and the amount in controversy in this action exceeds $75,000.00.

Venue is proper in that Plaintiff's performance of the subcontract in suit was to be performed in this district and the contract calls for any action to be filed in this district.

## PARTIES

2. Plaintiff ("GILL" or the "Subcontractor") is a corporation organized and existing under the laws of the State of Arizona and domiciled there.

3. Defendant Icenogle Construction Management, Inc. ("ICENOGLE" or the "CONTRACTOR") is a corporation organized and existing under the laws of the State of California and domiciled there.

4. On information and belief, Defendant Travelers Casualty & Surety Company of America ("TRAVELERS" or the "SURETY"), is a corporation organized and existing under the laws of, and domiciled in, a State or States other than Arizona or California. Plaintiff is informed and believes that Defendant TRAVELERS is a Licensed Surety Company and authorized to issue and it has issued payment and performance bonds for construction projects in the State of

California including the SURETY payment and performance Bond Number 104644510 for the contract FA4427-05-C-0107 between Defendant ICENOGLE and the Owner United States Government Department of the Air Force which is the subject of this action.

## OPERATIVE FACTS COMMON TO BOTH COUNTS

5.  On or about September 23, 2005, Defendant ICENOGLE contracted with the United States Department of the Air Force (the Government, or "OWNER") to construct certain improvements at Travis Air Force Base, in Solano County, California (Contract No. FA-4427-05-C-0107, the "CONTRACT"). A portion of the CONTRACT work involved upgrading the food-service line at the David Grant Medical Center, Building 777 (the "Service Line Upgrade.)".

6.  Under 40 U.S.C. § 3131, the Government required ICENOGLE to obtain a payment and performance bond from Defendant TRAVELERS in order to protect the interests of the Government and ICENOGLE's first and second tier subcontractors, respectively. On or about November 18, 2005, TRAVELERS issued Bond No. 104644510 (the "Bond") for the Project. The payment section of the Bond obligates TRAVELERS to pay ICENOGLE's first and second tier subcontractors as their respective subcontracts provide, if ICENOGLE should fail do so. A true copy of the Bond is attached as Exhibit A. The Bond was duly accepted by the United States and, on such acceptance, said contract for the construction and completion of the new serving lines, was awarded to ICENOGLE.

7.  On or about December 8, 2005, ICENOGLE subcontracted with Plaintiff to perform the "service line upgrade" (the Subcontract). A true copy of the Subcontract is attached as Exhibit B. Thereafter, GILL, at the request of ICENOGLE, and pursuant to the written subcontract, supplied, delivered and set

3

**COMPLAINT**

in place and made ready for final connections by other trades the food service furnishings, equipment, improvements and cabinetry identified in the contract per the plans and specifications provided.

8. Plaintiff has fully performed the Subcontract and has fully complied with all lawful and material conditions for payment thereunder, excepting only such conditions as the Contractor has excused by reason of Defendant ICENOGLE's prior breach. Plaintiff completed its performance, having furnished all required labor and delivered all required materials, by on or about March 15, 2007. Plaintiff is informed and believe and alleges that The United States as project Owner has accepted the work performed by Plaintiff GILL. The construction work performed by GILL was part of the work required to be performed by ICENOGLE under its contract with the United States through the Department of the Air Force.

9. ICENOGLE has failed and refused to pay Plaintiff the full Subcontract price. The balance owed by Defendant ICENOGLE for the work performed by Plaintiff GILL under the Subcontract after all appropriate offsets, credits and payments is $115,795.05. This sum represents the total due when combining the billing requests for payment, retainage owed, and any approved charge orders less credits for payments made. GILL further claims that ICENOGLE has failed and neglected to pay GILL in accordance with the terms of the subcontract in that ICENOGLE did not always pay GILL in direct relation to the payment made to ICENOGLE by the owner, as required by the subcontract. GILL GROUP has, therefore, been damaged at least in the amount of the market rate of interest on the monies wrongfully withheld for the length of time the monies were and, or, have been wrongfully withheld.

10. Under Subcontract provisions that apply equally to both parties under

4

**COMPLAINT**

California Civil Code § 1717, the prevailing party in this action is entitled to all costs of suit, including its reasonable fees. GILL has employed the undersigned attorneys to enforce payment of this contract and is entitled to recover from ICENOGLE and TRAVELERS an amount as reasonable attorney's fees.

**First Count—To Enforce Bond (against TRAVELERS)**

11. Paragraphs 1–11 are part of this claim and incorporated by this reference.

12. On or about May 7, 2007, Plaintiff submitted to TRAVELERS its claim for payment on the Bond. A true copy of the claim is attached as Exhibit C.

13. By letter(s) in June of 2007, TRAVELERS has denied Plaintiff's claim on the ground that ICENOGLE disputes it. A true copy of this (or these) letters is attached as Exhibit D.

14. More than ninety (90) days have expired since GILL last performed work in connection with Contract No. FA-4427-05-C-0107, ( the "Contract") for which this specific combined claim is made against ICENOGLE. GILL has complied with all rules and requirements of the Miller Act for perfecting a right of action under the bond. All conditions precedent to the making of this claim have been performed or have occurred. And not more then One (1) year has elapsed from the date on which the last work was performed by GILL for ICENOGLE on the construction project, and although due demand has been made on ICENOGLE and TRAVELERS, no part of the sum of $115,795.05, or any interest on it, or any sums owed as stated above, has been paid to GILL GROUP.

15. Plaintiff GILL demands payment of the sum of $115,795.05, plus interest and attorney fees.

**Second Count—For Contract Damages (against ICENOGLE)**

16. Paragraphs 1–11 are part of this claim and incorporated by this reference.

17. On or about September 23, 2005 Defendant Icenogle Construction Management, Inc. as contractor entered into a prime contract with United States Government for the benefit of the Department of the Air Force (Owner) The Subcontract which is the subject of this action, calls for the performance of certain work including to upgrade the serving line at the David Grant Medical Center Building 777 on Travis Air Force Base in Fairfield California. The project owner is the United States Government for the benefit of the Department of the Air Force (Owner).

18. On or about December 8, 2005, Plaintiff GILL entered into a Subcontract with Defendant Icenogle Construction Management, Inc., by the terms by the terms of which Plaintiff agreed to perform certain of the work for and on behalf of ICENOGLE to upgrade the serving line at the David Grant Medical Center Building 777 on Travis Air Force Base in Fairfield California including to supply, deliver and set in place and make ready for final connections by other trades the food service furnishings, equipment, improvements and cabinetry identified in the contract per the plans and specifications provided all of which would and did benefit the project owner the United States Government for the benefit of the Department of the Air Force (Owner). The agreement between The United States and Defendant ICENOGLE and the subsequent Subcontract between Plaintiff GILL and Defendant ICENOGLE were in writing. A true and correct copy of the Subcontract is attached hereto as Exhibit B and incorporated by this reference. Based on the project being a governmental job, Defendant had to post a performance bond. Thereafter, during the course of the project as Plaintiff

completed portions of the project it would receive interim progress payments with a retention being deducted and withheld by the Owner from payments made to the Defendant contractor ICENOGLE and in turn retention was held back by Defendant ICENOGLE from the payments made to Plaintiff GILL.

19. Plaintiff GILL is informed and believes and thereon alleges that the Owner USA continues to hold retention monies for the benefit of Defendant ICENOGLE which includes monies that are otherwise due and to be paid over to Plaintiff GILL. Plaintiff GILL has performed all work required of it under the contract in compliance with the contract terms and specifications and Plaintiff has invoiced Defendant ICENOGLE for the work performed. Defendant ICENOGLE as the prime contractor has been paid by the owner for all of the products work and services performed by Plaintiff GILL except for those monies being withheld pending resolution of this dispute.  After deducting for all payments and providing to the Defendant all appropriate credits the total now due on completed and invoiced work is $115,795.05. By collecting and retaining the entire payment including the monies owed to Plaintiff Gill, Defendant ICENOGLE has and continues to recognize the benefit of Plaintiff's work.

20. Pursuant to the terms of the underlying agreement, Plaintiff performed all terms and conditions required of it under the contract.

21. Plaintiff GILL alleges that Defendant ICENOGLE has breached its agreement with Plaintiff in that Defendant ICENOGLE has received from the Owner but failed to pay Plaintiff the sum of $115,795.05 which is the balance owed under the contract for the equipment provided and services performed at the site pursuant to the contract. After duly crediting Defendant for all payments made through the date that the action is filed the balance of $115,795.05 remains due owing and unpaid together with interest thereon at the

7

**COMPLAINT**

maximum rate allowed by law.

22. Plaintiff further alleges that it has performed all other obligations owed to Defendant except those obligations Plaintiff was prevented or excused from performing.

23. Other than those monies being withheld by reason of this dispute, the Government has fully paid ICENOGLE for the portion of the Contract that the Subcontract covers.

24. Although demand has been made, Defendants and each of them, have failed and refused and continue to fail and refuse to pay to the Plaintiff the unpaid principal balance of $115,795.05 (outstanding indebtedness) even though said sum is due owing and unpaid. Plaintiff requests interest on said indebtedness at the maximum rate permitted by law in an amount to be proved at time of trial.

25. Plaintiff is informed and believes and thereon alleges that the Owner, the United States of America, by and through its Federal Contracting Officer, has withheld from Defendant ICENOGLE monies for the project based on the existing dispute. Said monies are Plaintiff GILL's funds and Plaintiff GILL hereby requests that this Court issue a finding that upon receipt of said funds that Defendant ICENOGLE hold same as a constructive trustee for the benefit of Plaintiff GILL and that said funds be ordered to be paid over to Plaintiff directly upon receipt.

26. The contract includes an attorney fee provision. Plaintiff GILL has had to institute and prosecute this action and is entitled to recover attorney fees and costs of suit incurred herein according to proof.

WHEREFORE, Plaintiff prays:

On the First Count: For judgment against TRAVELERS to enforce the Bond.

1   On the Second Count: For damages against ICENOGLE according to proof,
2  but not less than $115,795.05.
3   On both counts:
4   1. For prejudgment interest at the maximum rate allowed by law;
5   2. For costs of suit, including reasonable attorney fees; and
6   3. For such other and further relief as this court may deem proper.

DATED: September 10, 2007   LAW OFFICES OF PATRICK C. CARROLL


_____  _____PATRICK C. CARROLL_____
                             Attorney for Plaintiff
                             **GILL CONSTRUCTION GROUP, INC., an Arizona corporation**

# DEMAND FOR JURY TRIAL

Plaintiff GILL CONSTRUCTION GROUP, INC., an Arizona corporation here by requests a jury trial in the above matter.

DATED: September 10, 2007     LAW OFFICES OF PATRICK C. CARROLL

_____
PATRICK C. CARROLL_____
Attorney for Plaintiff
**GILL CONSTRUCTION GROUP, INC., an Arizona corporation**